IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Debra Tazewell, | ) | Case No.: 4:23-1840-JD |
|           Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Young's Store, | ) | |
|           Defendant. | ) | |

This matter is before the Court with a Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 29.)  Plaintiff Debra Tazewell ("Tazewell" or "Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, for alleged civil rights violations by Plaintiff's employer, Defendant Young's Store ("Young's Store" or "Defendant").

On August 25, 2023, Defendant moved to dismiss Plaintiff's Complaint (including both DE 1 and 1-2) under Rule 12(b), Fed. R. Civ. P.  (DE 23.)  Because Plaintiff is proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising her of the importance of such motions and of the need for her to file adequate responses.  (DE 25.)  Plaintiff was specifically advised that if she failed to respond adequately, Defendant's Motion may

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

1

be granted, thereby ending this case. (Id.) However, notwithstanding the specific warning and instructions set forth in the court's Roseboro order, Plaintiff failed to respond to the Motion to Dismiss or to otherwise communicate with the court by the September 25, 2023, deadline.

On October 18, 2023, the court again advised Plaintiff that she was required to respond to Defendant's Motion to Dismiss and that if she did not respond by November 1, 2023, the Magistrate Judge would recommend this matter be dismissed with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). (DE 27.) Plaintiff has not responded to the Motion to Dismiss or the court's orders.

The Report was issued on November 7, 2023, recommending that Plaintiff's Complaint be dismissed for failure to prosecute and for failure to comply with the court's orders. (DE 29.) No objections to the Report were filed. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 29) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed with prejudice for failure to prosecute and failure to comply with the court's orders.

    **IT IS SO ORDERED.**

Joseph Dawson, III<br>
United States District Judge

Florence, South Carolina
January 19, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.